IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BODYGUARD PRODUCTIONS, INC.,

    Plaintiff,
vs.

JOHN DOES 1-20,

    Defendants.

---

**DECLARATION OF DANIEL ARHEIDT IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY
OF INFORMATION PRIOR TO RULE 26(f) CONFERENCE**

---

1. My name is Daniel Arheidt. I am over the age of 18 and competent to make this declaration. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

2. I have been retained as as consultant by Maverickeye UG ("MEU"), a company incorporated in Stuttgart and organized and existing under the laws of Germany.

3. MEU monitors peer-to-peer, BitTorrent networks for acts of distribution of the Plaintiff's copyrighted motion picture that is the subject of the above-captioned lawsuit through the use of proprietary MaverikMonitor™ software.

4. When the MaverikMonitor™ software finds an Internet Protocol ("IP ") address distributing the Plaintiff's motion picture, a direct connection is made to that computer device and a portion of the infringing file is downloaded. The MaverikMonitor™ software also records the

Exhibit 1

exact time of the connection and other available information broadcast by the infringing computer device.

5. This evidence is then saved on a secure server in indexed evidence logs.

6. To confirm the infringing activity, the data downloaded from each infringing computer device is matched to the complete file and a full copy of the motion picture being distributed is compared with a DVD of the original motion picture confirming that the infringing IP address is in fact distributing the Plaintiff's motion picture.

7. The software uses a geolocation functionality to determine the location of each infringing IP address under investigation. The geolocation data for the infringing IP address is set forth in Exhibit 1 of the Complaint.

8. The software reviews other publicly available and searchable data to identify the Internet Service Provider ("ISP") that is providing the Internet service for the subscriber whom it has assigned the infringing IP address, and this data is also set forth in Exhibit 1 of the Complaint.

9. I have reviewed the relevant evidence logs compiled by the MaverikMonitor™ software and can confirm that the records of infringing activity in Exhibit 1 of the Complaint, including records of the IP address, time, hash value, and ISP, accurately reflect instances of actual observed distribution of the Plaintiff's motion picture.

10. Publicly available databases do not permit MEU to identify the names of the ISP subscribers to whom the observed ISPs have assigned the observed IP addresses, however it is my understanding that records identifying the subscribers who are assigned specific IP addresses at the specific times of the observed infringing activities are normally maintained for a limited

amount of time by those subscribers' ISPs.

## DECLARATION

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27 day of November, 2017.

By: _____
Daniel Arheidt